SESSIONS et al. *v.* ELWELL, (two cases.)

(Supreme Court, General Term, Second Department. July 28, 1893.)

SPECIFIC PERFORMANCE—TRANSFER OF STOCK.

Defendant agreed to deliver to plaintiff stock in a corporation to be organized, pursuant to an agreement between him and the owner of a patent, for the operation of the invention, by which agreement defendant was to organize the company, and was to receive certain stock for so doing, provided he complied with certain conditions as to the organization, which he failed to do, by reason of his inability to obtain capital. *Held,* that defendant's agreement with plaintiffs could not be enforced as to stock in another company, organized by another person by agreement with the owner of the patent after defendant's failure, in which company defendant, by a new arrangement, acquired a certain interest.

Appeal from special term, Kings county.

Actions by John Sessions and Archibald L. Sessions against John D. Elwell. Judgment for defendant. Plaintiffs appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Archibald L. Sessions, for appellants.
Eustace Conway, for respondent.

BARNARD, P. J. The issues in each of these actions are the same. The action is brought by each of the plaintiffs for the specific performance of an agreement under which the defendant agreed to deliver 100 shares of the full-paid capital stock in certain corporations which were expected to be organized through the efforts of the defendant as a promoter. No such corporation was organized as was called for by the agreement between the parties. Another corporation was chartered in West Virginia, and the owner of the patent (Ogden) transferred the patent right to that company. The question of fact presented and tried was whether the defendant really obtained this West Virginia charter, and, in consequence thereof, is entitled to the shares of stock provided for by the agreement which would have been his right had he succeeded as promoter. The trial judge has found that the defendant was not instrumental in forming the West Virginia corporation. It is not disputed but the corporation contemplated by the defendant failed to become an existing one. The new corporation was procured by Luther E. Shinn. Gibbon so testifies. Shinn refused to have any preliminary dealings with defendant, and the new company demanded a transfer of the patents from Gibbon, and in hostility to the contract between Gibbon and Elwell. The facts that the new company was procured to be organized by Shinn, and that it was organized because Elwell was unable to organize one for the purpose of using the Gibbon patents; that the new company was independent of, and distinct from, the one which defendant attempted to create, but failed to do, on account of his inability to procure the necessary capital,—seem plainly proven. The defendant was free to enter into new arrangements upon the failure of those made with Gibbon, and under which the plaintiffs had advanced money, but which have resulted in nothing. The judgment should therefore be affirmed, with costs. All concur.